■ THOMAS BROWNE et al., Respondents, v INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION 851, Appellant, et al., Defendants. (And a Third-Party Action.) [609 NYS2d 237] — Judgment, Supreme Court, New York County, entered September 25, 1992, after trial before Beatrice Shainswit, J., and a jury, upon a jury verdict in favor of plaintiff Thomas

---

Browne and against defendant International Brotherhood of Teamsters, Local Union 851, in the total sum of $400,000 plus interest and costs, unanimously affirmed, without costs.

This is an action to recover for personal injuries suffered by plaintiff, a security guard who was struck in the head by a brick thrown by defendant Misiano, a member of defendant union, through the passenger-side window of a truck he was escorting through a union picket line at defendant Emery's facility in Kearny, New Jersey.

Given the undisputed fact that defendant union authorized and directed the strike against Emery and the concomitant picket lines, coupled with the testimony of Emery's former employee Gorman that the pickets at the Kearny site, including the confessed brick thrower, were led by a Local 851 shop steward, Allstat, and the specific entries from the security log maintained for the duration of the strike by defendant Security Experts, Inc. (SEI) reflecting prior incidents of pickets threatening bodily harm to persons crossing picket lines, vandalism and rocks thrown at vehicles, the trial court properly instructed the jury: "To place responsibility on the union, it is not necessary for the plaintiff to establish that there was a meeting of the union high command where a rock throwing policy was decided upon, but it is essential for the plaintiff to establish by a preponderance of the credible evidence that the union was aware on October 25, 1985 that violence or threats of violence had become an every day occurrence in the strike and that the union either openly encouraged such violence and threats or deliberately failed to check it or give orders countermanding it."

Nor was it error for the court to deny the union's motion to dismiss at the end of plaintiff's case or refuse its request to charge the jury that, pursuant to Labor Law § 807 (6), it cannot be held liable "for the unlawful acts of individual officers, members, or agents, except upon proof by the weight of evidence and without the aid of any presumptions of law or fact, of (a) the doing of such acts by persons who are officers, members or agents of any such association or organization, and (b) actual participation in, or actual authorization of, such acts, or ratification of such acts after actual knowledge thereof by such association or organization."

Inasmuch as section 807 governs "Injunctions issued in labor disputes", it does not apply to claims against unions for damages arising out of labor disputes and defendant's reliance upon *Lubliner v Reinlib* (184 Misc 472) is misplaced inasmuch

as it has not been followed and is no longer considered valid *(see, R.M. Perlman Inc. v New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union,* 789 F Supp 127, 133). Moreover, even were the stricter standards of section 807 (6) applied, the result would not be changed. Although that section, which is derived from the Federal Norris-LaGuardia Act (29 USC § 101 *et seq.),* requires actual authorization or ratification of such tortious acts after actual knowledge by the union, "[a] union may 'ratify' or 'authorize' without going so far as to openly encourage or embrace the tactics of its official representative." *(Yellow Bus Lines v Drivers, Chauffeurs & Helpers Local Union 639,* 883 F2d 132, 136 [DC Cir 1989; applying section 6 of Norris-LaGuardia Act (29 USC § 106)].) Specific proof of "knowing tolerance" by other union officials was not required in order to hold Local 851 directly responsible for the actions of its shop steward on the scene inasmuch as he was clothed with plenary authority to direct the strike on behalf of the union *(supra,* at 136).

SEI's security log was properly admitted as a business record prepared in the ordinary course of SEI's business inasmuch as it is conceded by the union that the testimony of SEI's manager established that the entries in the log were contemporaneously prepared by SEI personnel and recorded all incidents relating to the strike which were reported by other SEI personnel at various locations. Although it is unclear as to whether some of the informants were under a business duty to report the recorded occurrences, that alone should not exclude the entire document and appellant's present contention that "admission of the log without even an attempt at sanitizing the entries raised a substantial probability of irreparable prejudice" is unavailing inasmuch as there was no request at trial that any entries be redacted.

We have considered appellant's other points and find them unpersuasive. Concur—Rosenberger, J. P., Ellerin, Kupferman and Nardelli, JJ.