Garsh, J.
Plaintiff, Coles Express, Inc. (“Coles”), brought this action to recover damages allegedly aris *528 ing out of the violent conduct of striking picketers from International Brotherhood of Teamsters Locals 526 (“Local 526”) and 251 (“Local 251”). Locals 526 and 251 and Gerald Blinkhorn (“Blinkhorn”) have moved for summary judgment. For the reasons set forth below, the motion of these defendants is ALLOWED in part and DENIED in part.
BACKGROUND
The facts, considered in the light most favorable to the opposing party, are as follows:
In April of 1994, Coles, a trucking company, operated a terminal on Industrial Way, a dead-end road in Seekonk, Massachusetts. Its employees were not represented by a labor union. Industrial Way was also home to the terminals of several other trucking companies. Some employees of these other companies were represented by the International Brotherhood of Teamsters.
On April 6, 1994, the International Brotherhood of Teamsters commenced a strike against several trucking companies located along Industrial Way. The actions of the picketers are disputed; viewed most favorably to Coles, there is evidence that picketers from Locals 251 and 526 made it difficult for Coles’ drivers to drive trucks into and out of Coles’ terminal, threw rocks and other projectiles onto its property, damaged its building and trucks, and verbally threatened to harm employees of Coles.
Two days later, Coles closed for business because of concerns that the picketers might cause further harm to its employees and property. Coles then moved its operations out of Industrial Way so that it could conduct business from a different location.
The strike ended on April 29, 1994. Blinkhorn is the Executive Officer of Local 251. At the time of the strike, defendant Alfred Andrade (“Andrade”) was the Business Manager of Local 526 and Charles Carvalho (“Carvalho”) was an assistant steward of Local 526.
DISCUSSION
Summary judgment shall be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Good v. Commissioner of Correction, 417 Mass. 329, 332 (1994); Massachusetts Bay Transportation Authority v. Allianz Ins. Co., 413 Mass. 473, 476 (1992); Mass.R.Civ.P. 56(c). The moving party must demonstrate “by materials described in Mass.R.Civ.R 56(c), unmet by countervailing materials, that the . . . [opposing parly] has no reasonable expectation of proving an essential element of [the plaintiffs] case . . .” Brunner v. Stone & Webster Engineering Corp., 413 Mass. 698, 705 (1992). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts ...” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Establishing the absence of a triable issue requires the nonmoving party to respond by alleging specific facts demonstrating the existence of a genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
Preemption by Federal Labor Laws
Counts I through III of the second amended complaint assert the following causes of action: intentional interference with contractual relationships, intentional interference with prospective contractual relationships, and intentional interference with advantageous relationships. The moving defendants contend that these tort claims should be dismissed because they are preempted by the National Labor Relations Act (“NLRA”), 29 U.S.C. §§157, 158. Their argument fails because each of the challenged counts are intentional torts predicated upon violent strike-related activity.[2]
The NLRA preempts state causes of action based upon conduct that is protected, or prohibited, by sections seven and eight of that act.[3] San Diego Building Trades Council v. Garmon, 359 U.S. 236, 244 (1959). Peaceful and orderly picketing is protected by the NLRA. 29 U.S.C. §157. Secondary boycotts are prohibited. 29 U.S.C. §158.
State law claims are not preempted “where the activity regulated was a merely peripheral concern of the Labor Management Relations Act. . . [o]r where the regulated conduct touche[s] interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the States of the power to act.” Garmon, 359 U.S. at 243-44. Under that standard, traditional tort claims predicated upon violence and threats of violence are not preempted. Garmon, 359 U.S. at 247; United Mine Workers of America v. Gibbs, 383 U.S. 715, 729 (1966) (‘This Court has consistently recognized the right of States to deal with violence and threats of violence appearing in labor disputes, sustaining a variety of remedial measures against the contention that state law was pre-empted by the passage of federal labor legislation”).
The Garmon guidelines are not to be applied “in a literal, mechanical fashion.” Sears, Roebuck & Co. v. San Diego County District Council of Carpenters, 436 U.S. 180, 188 (1978). In addition to state laws prohibiting violence, defamation, the intentional infliction of emotional distress, and obstruction of access to properly, all of which have been held by the United States Supreme Court not to preempted by the NLRA, id. at 204,[4] courts have been receptive to claims for intentional interference with contractual relationships or business relationships accomplished by strike-related threats, intimidation, and violence. E.g., Rainbow *529 Tours v. Hawaii Joint Council of Teamsters, 704 F.2d 1443, 1447-48 (9th Cir. 1983); Kerry Coal Co. v. United Mine Workers of America, 637 F.2d 957, 964-965 (3d Cir.), cert. denied, 454 U.S. 823 (1981); R.L. Perlman, Inc. v. New York Coat, Suit, Dress, Rainwear and Allied Workers’ Union Local 89-22-1, 789 F.Supp. 127, 129-30 (S.D.N.Y. 1992); Sun Refining Co. v. Trades Council, 117 LRRM 2127, 2137 (E.D. Pa. 1984); Charles D. Bonanno Linen Service, Inc. v. McCarthy, 550 F.Supp. 231, 240-41 (D.Mass. 1982), aff'd on other grounds 708 F.2d 1 (1st Cir. 1983), cert. denied, 464 U.S. 936 (1984); Rockford Redi-Mix, Inc. v. Teamsters Local 325, 551 N.E. 2d 1333, 1338-40 (Ill.App.Ct 1990).[5]
The level of violence directed against Coles is a disputed, material question of fact. There is evidence that strikers threw a rock that struck a truck being operated by an employee of Coles and that they tried to disable the truck’s brakes. There is also evidence that strikers broke the windshields of cars belonging to employees of Coles, flattened tires of Coles’ trucks, threw objects at its trucks, blocked the paths of incoming and outgoing trucks, intimidated drivers, and damaged trucks. In essence, Coles alleges that the defendants intentionally tried to damage its trucking business by violent conduct unprotected by the NLRA. Because the acts alleged to have been directed against Coles were “destructive, not coercive, acts protected by Section 7,” Rockford Redi-Mix, Inc., 551 N.E. 2d at 1339, these claims are not preempted.
For the same reason, the claims are not preempted by §8 (b)(4).[6] “[SJtate law has been displaced by [federal labor law] in private damage actions based on peaceful union secondary activities.” Local 20, Teamsters, Chauffeurs & Helpers Union v. Morton, 377 U.S. 252, 261 (1964) (emphasis added). In this action, Coles seeks to recover for damages resulting from the violent component of the strike or the fear which that violence engendered. Coles “has no intention of basing its claims for damages on acts by Defendants that were done for the purpose of either encouraging others to cease doing business with Coles Express or to have Coles Express recognize either Local 251 or 256 [sic] as the representative of its employees.” Plaintiffs Opposition to Certain Defendants’ Motion for Summary Judgment at 6. Rather, Coles is basing its tortious interference claims on its claim that defendants “forcefully prevented Coles Express employees, customers, and suppliers, from pursuing their employment and business activities.” Id. (emphasis in original). Permitting the state court to exercise jurisdiction over such tort claims “would create no realistic risk of interference with the Labor Board’s primary jurisdiction to enforce the statutory prohibition against unfair labor practices.” Sears, Roebuck & Co., 436 U.S. at 198.
Liability of the Locals for the Acts of Their Members
Locals 251 and 526 argue that Coles has not produced sufficient evidence from which a jury could find the requisite level of “clear proof’ to hold either union liable for the alleged violent acts of its members. In order to hold a union liable for violent acts, the fact-finder must find “clear proof of actual participation in, or actual authorization of, such acts, or of ratification of such acts after actual knowledge thereof.” G.L.c. 149, §20B. The “clear proof’ standard requires a level of proof in between the criminal standard of beyond a reasonable doubt and the preponderance of the evidence norm in civil trials. Gibbs, 383 U.S. at 737.[7]
Coles need not demonstrate ratification by a union president or other top official in order to meet its burden of demonstrating “clear proof.” Charles D. Bonanno Linen Service, Inc., 708 F.2d at 12. Knowing tolerance may be enough. Gibbs, 383 U.S. at 739. Liability upon unions has been imposed when unlawful activity was authorized or ratified by union business agents, representatives with general duties, or a representative who served as the designated union presence at a strike. E.g., Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639, 883 F.2d 132, 137 (D.C. Cir. 1989), cert. denied, 501 U.S. 1222 (1991); Curreri v. International Brotherhood of Teamsters, 722 F.2d 6, 8 (1st Cir. 1983); Bonanno, 708 F.2d at 11. A union may be held liable for the actions of its shop steward on the scene to the extent he is clothed with plenary authority to direct the strike on behalf of the union. Browne v. International Brotherhood of Teamsters, Local 851, 609 N.Y.S. 2d 237 (N.Y.App.Div. 1994) (applying New York’s version of the Norris-LaGuardia Act). Authorization need not be formal, Yellow Bus Lines, 883 F.2d at 136, and ratification of violent conduct may be shown by evidence that union officers failed to take action after learning of the violent conduct. Bonanno, 708 F.2d at 11-12.
Thus, Local 251 cannot escape liability merely by evidence that the president of that union did not authorize any violent activity and was not aware of the violence and threatening conduct alleged by Coles, nor by evidence that, according to union by-laws, stewards are not agents of the union and are not union officers. Coles has proffered deposition testimony to the effect that, even if Blinkhorn, executive officer of Local 251, did not authorize or ratify the violent conduct, other agents of the union were in a position to do so. The Local’s business agent had the responsibility to maintain order on the picket line, and there is evidence that it was the duty of the stewards to set up the picket line, that the business agent delegated picket line responsibility to the stewards, and that the stewards had duties instructing picketers and reporting on picket line activity to the business agent. There also is evidence from which it can be inferred that shop stewards and assistant stewards from Local 251 were aware of the violence. Moreover, discovery about the actions and knowledge of defendant Blinkhorn is still ongoing. At this stage, it cannot be said that, with respect to Local 251, Coles has no reasonable expec *530 tation of establishing “clear proof of actual participation in, or actual authorization of, such acts, or of ratification of such acts after actual knowledge thereof.” G.L.c. 149, §20B.
The same is true of Local 526. Deposition testimony indicates that shop stewards and assistant stewards from that union were aware of the violence. Indeed, one assistant steward was arrested for throwing a metal bolt at truck belong to Coles, and there is evidence that Dennis Mello (“Mello”), one of Local 526’s stewards, was personally involved in threatening plaintiffs employees and blocking the path of plaintiffs trucks. He also allegedly was standing with a group of picketers who flattened the tire of one of plaintiffs trucks. The authority of the stewards is disputed. There is evidence that the stewards had the authority and responsibility to organize the picket lines and that assistant stewards for this union had similar responsibilities, and that they are supposed to step in for the stewards when the stewards are unavailable. Andrade has testified that shop stewards serve as “captains” of the picket lines with authority that overrides the authority of the Local’s president during a strike. Andrade also claims that he explained these responsibilities to Mello. The record is sufficient to withstand a motion for summary judgment.
Claims Against Defendant Blinkhorn
Blinkhorn argues that all claims against him should be dismissed because Coles has not offered any evidence to show that Blinkhorn personally committed any of the torts. Discovery with respect to Blinkhorn is still underway. Coles specifically has sought information about Blinkhorn’s participation in or authorization of violent strike activity. At this stage, summary judgment in favor of Blinkhorn would be premature. Mass.R.Civ.P. 56(f).
Negligent Interference with Business
Count V alleges negligent interference with business relations. Defendants are correct that this claim fails to state a claim upon which relief can be granted. Massachusetts does not recognize such a cause of action. Interference claims giving rise to recovery for loss of profits require a showing of intent, and improper motive or improper means. Draghetti v. Chmielewski, 416 Mass. 808, 816 (1994). Accordingly, defendants’ motion is allowed as to Count V.
Attorney’s Fees
Finally, the movants seek summary judgment with respect to the plaintiffs entitlement to attorney’s fees in the event that Coles prevails in this action. The court declines to act on that request. There is no claim for attorney’s fees in the second amended complaint.[8]
ORDER
For the foregoing reasons, it is hereby ORDERED that motion for summary judgment of defendants International Brotherhood of Teamsters Locals 526 and 251 and Gerald Blinkhorn with respect to Counts I, II, III, and IV be and hereby is DENIED. It is further ORDERED that their motion for summary judgment be and hereby is ALLOWED as to Count V.

The second amended complaint alleges peaceful action by strikers as well as violent actions. In its opposition to defendants’ summary judgment motion, Coles makes clear that it is basing its interference claims upon acts of violence and threats of violence.

Section 7 of the NLRA protects the rights of employees to organize and to engage in collective bargaining. “Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities . . .” 29 U.S.C. §157. Numerous employee activities are prohibited under the NLRA, including: restricting other employees from exercising their §157 rights, causing an employer to discriminate against employees based on non-membership in a union, refusal to bargain collectively, engaging in secondary boycott activity, charging excessive union dues, causing an employer to pay for work not performed, and recognitional picketing within one year of a valid election. 29 U.S.C. §158.

States also have jurisdiction to entertain trespass actions. Sears, Roebuck & Co. v. San Diego County District Council of Carpenters, 436 U.S. 180, 204 (1978). Count IV of the second amended complaint alleges trespass. The defendants do not argue that this count is preempted.

The cases upon which defendants rely to support their argument that Coles’ state law claims are preempted by federal labor law are inapposite because those cases uphold the preemption of tort claims predicated upon coercive, but not violent, activity. E.g., Operating Engineers Local 926 v. Jones, 460 U.S. 669, 683 (1983); Monarch Long Beach Corp. v. Soft Drink Workers Local 812, 762 F.2d 228, 232 (2d Cir. 1985). See also Billy Jack for Her, Inc. v. New York Coat, Suit, Dress, Rainwear and Allied Workers' Union, 511 F.Supp. 1180, 1183 n.3 (S.D.N.Y. 1981) (tortious interference with contractual relations claim held preempted under Garmon, but court stated that its holding would be “different were [plaintiffs] request for relief based on the violence that allegedly attended the Union’s picketing”).

Picketing is prohibited by §8(b)(4) when it is done for the purpose of promoting an unlawful objective. 29 U.S.C. §158(b)(4). Such unlawful objectives include attempting to force a neutral employer to cease doing business with a primary employer, or to refrain from using, handling, or transporting the primary employer’s goods. 29 U.S.C. §158.

Case law interpreting the federal statutory provision, 29 U.S.C. §106, upon which G.L.c. 149, §20B was modeled, provides guidance in interpreting the Massachusetts statute. Tosti v. Ayik, 394 Mass. 482, 487-88 (1985).

One of the prayers in the second amended complaint seeks “all costs of Court.” A request for “costs” is not a request for attorneys’ fees. Osborne v. Biotti 404 Mass. 112, 116 (1989) (“[A]ttorney’s fees are not... analogous to costs. Costs are out-of-pocket expenses which a litigant must pay in order to present a claim or defense”). In Massachusetts, parties generally must bear their own attorneys’ fees. Lattimore v. Commonwealth, 417 Mass. 805, 807 (1994). In light of G.L. 231, §6F, it cannot be said that, under no circumstances, could Coles ever recover attorneys’ fees.