**BUILDING INDUSTRY FUND,**
**et al., Plaintiffs,**

v.

**LOCAL UNION NO. 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL—CIO et al., Defendants.**

No. 93–CV–2721 (ARR).

United States District Court, E.D. New York.

May 29, 1996.

**193**

Pollack & Greene, by Alan M. Pollack, Mitchell G. Mandell, Stuart Parker, Scott Sommer, Renee Schimkat, New York, NY, Phillips, Nizer, Benjamin, Krim & Ballon, by James Frank, Mark R. Weiss, Joshua Adler, Lori B. Katz, New York, NY, for Plaintiffs.

Menagh, Trainor, Mundo & Falcone, P.C., by Douglas Menagh, Vito V. Mundo, New York, NY, for Defendant Joint Industry Board.

Murtagh, Cohen & Byrne, by Edward T. Byrne, Garden City, NY, for Defendant NYECA.

Taubenblatt & Mopper, by Leonard Taubenblatt, New York, NY, for Defendant AECI.

Norman Rothfeld, New York, NY, for Defendant, Local 3.

### OPINION AND ORDER

ROSS, District Judge.

On February 8, 1996, this court issued an Opinion and Order granting summary judgment in favor of defendants in this action, except as to defendant Local 3 on counts Seven and Eight of the complaint. Local 3 subsequently moved for reconsideration of that order as to Count Eight of the complaint. Because Local 3 raised new legal arguments in its motion for reconsideration, the court, in an Opinion and Order dated May 8, 1996, elected to treat that portion of Local 3's motion as a new motion for summary judgment, and ordered plaintiffs to show cause why the motion should not be granted.[1] Plaintiffs have now responded by submitting an additional memorandum of law, together with affidavits and supporting documents.

All relevant facts relating to this motion are outlined in the court's orders of February 8 and May 8, 1996. For the reasons stated herein, the court now grants the motion, and dismisses Count Eight of the complaint in its entirety.

### DISCUSSION

Local 3 advances two arguments concerning plaintiff's state law tort claims on this motion. First, it argues that such claims are pre-empted by federal labor law. Second, it argues that, under *Martin v. Curran,* 303 N.Y. 276, 101 N.E.2d 683 (1951), plaintiff cannot recover against a labor union for tortious acts committed by its members without a showing that such acts were authorized or ratified by all of the union's members. The court concludes that plaintiff's second conten-

---

1. Plaintiffs apparently object to this procedure. As the May 8 opinion noted, however, the court is obligated to decide the legal issues raised by Local 3, either at trial or on a motion for summary judgment. Plaintiffs have not been prejudiced by the court's use of the summary judgment mechanism, as they have been given an opportunity to submit any relevant factual and legal materials. Any suggestion that the court cannot entertain a summary judgment motion at this stage of the proceedings is without merit.

tion is correct, and that plaintiffs have not demonstrated the existence of a genuine issue of material fact that would enable them to recover against Local 3 on their state law claims. It therefore does not address plaintiff's arguments concerning pre-emption.

■ *Martin* involved a claim for libel against the officers of a union, in their representative capacities, stemming from an article published in the union's official newspaper. The New York Court of Appeals held that the union was not liable because the complaint did not allege "that the individual members of the union authorized or ratified the tort complained of." 303 N.Y. at 280, 101 N.E.2d 683. The court reasoned that:

> A voluntary, unincorporated membership association is neither a partnership nor a corporation. It is not an artificial person, and has no existence independent of its members. No agency of one member for another is implied. A part of the members of a voluntary organization cannot bind the others without their consent before the act which it is claimed binds them is done, or they, with full knowledge of the facts, ratify and adopt it.

*Id.* (citations and internal quotation marks omitted). Thus, although New York law permits a plaintiff to sue a union by naming its president or treasurer as a defendant, rather than naming the entire union membership, *see* N.Y. Gen Ass'ns Law § 13, it "has limited such suits against association officers, whether for breaches of agreements or for tortious wrongs, to cases where the individual liability of every single member can be alleged and proven." *Id.* at 282, 101 N.E.2d 683.

The rule in *Martin* has been criticized frequently. *See, e.g ., Jund v. Town of Hempstead,* 941 F.2d 1271, 1281 (2d Cir. 1991) (noting that a requirement of proof of unanimous membership authorization or ratification, in the case of large organizations, "would prove an insurmountable obstacle to virtually any plaintiff."). Nonetheless, New York courts have continued to adhere to it. *See R.M. Perlman v. New York Coat, Suit, Dresses, Rainwear & Allied Workers Union Local 89–22–1,* 789 F.Supp. 127, 132 (S.D.N.Y.1992) (reviewing New York cases following *Martin* ). Federal courts have also continued to recognize the rule's vitality in New York. *See Modeste v. Local 1199, Drug, Hospital and Health Care Employees Union,* 38 F.3d 626, 627 (2d Cir.1994); *Jund,* 941 F.2d at 1278 n. 1, 1281; *R.M. Perlman,* 789 F.Supp. at 131–33. Unwise or outdated though it may be, *Martin* remains the law in New York, and this court is obligated to follow it.

Plaintiffs' attempts to argue that *Martin* does not apply are unpersuasive. First, they argue that the decision of the Court of Appeals in *Madden v. Atkins,* 4 N.Y.2d 283, 174 N.Y.S.2d 633, 151 N.E.2d 73 (1958) undercuts the prior holding in *Martin.* The Second Circuit squarely rejected that argument in *Morrissey v. National Maritime Union,* 544 F.2d 19, 33 (1976). *See also R.M. Perlman,* 789 F.Supp. at 131–32. In *Madden,* the Court of Appeals recognized an exception to the *Martin* rule for cases in which a union member sues his union for wrongful expulsion. In such cases, it is sufficient for the plaintiff to prove that the expulsion was "brought about by action on the part of the membership, at a meeting or otherwise, in accordance with the union constitution...." 4 N.Y.2d at 296, 174 N.Y.S.2d 633, 151 N.E.2d 73. Since this case does not involve a claim of wrongful expulsion, or even a claim by a union member against a union, *Madden* is inapplicable.

Plaintiffs also cite *Browne v. International Brotherhood of Teamsters,* 203 A.D.2d 13, 609 N.Y.S.2d 237 (1994). In that case, the plaintiff was a security guard who was hit in the head by a brick thrown by a union member escorting a truck through a picket line. A jury found for the plaintiff against the union, and the Appellate Division affirmed the verdict. It held that the union could be liable for the acts of its members where the union directed and authorized the strike, and either openly encouraged violence or deliberately failed to check it. To the extent that plaintiffs are arguing that *Browne* demonstrates that *Martin* is no longer good law, however, the court rejects their argument. The *Browne* court did not discuss *Martin.* In light of the substantial body of case law discussed above that suggests *Martin* is still good law in New York, the Appellate Divi-

sion's decision in *Browne* is not sufficiently definitive to persuade this court that *Martin* no longer applies. *See R.M. Perlman,* 789 F.Supp. at 132 (adhering to *Martin,* despite contrary ruling by New York Supreme Court, in the absence of rulings by New York's higher courts).

■ Thus, in order to prevail on their state law tort claims, plaintiffs must be able to demonstrate that any tortious acts were authorized or ratified by the entire membership. As the Second Circuit noted in *Jund,* this is a nearly impossible burden to meet. Like the plaintiff in *Martin,* plaintiffs here have not alleged authorization or ratification by the entire membership. Nor have they produced any evidence that suggests they could prove such authorization or ratification, even if it had been pled.

The only evidence that plaintiffs have submitted in support of their contention that the union membership authorized or ratified any tortious act consists of some 900 letters written by Local 3 members to the Port Authority of New York and New Jersey. The letters were part of a campaign by Local 3 members to convince the Port Authority to cease doing business with plaintiff TAP Electrical contracting services, which had been barred by New York State from bidding on or being awarded public work contracts. Initially, the court notes that a letter-writing campaign can hardly be characterized as "conduct marked by violence and imminent threats to the public order." *United Mine Workers of America v, Gibbs,* 383 U.S. 715, 721, 86 S.Ct. 1130, 1136, 16 L.Ed.2d 218 (1966) (citations omitted). Plaintiffs' argument as to why their state law claims are not preempted by federal labor law is thus inapplicable to this incident. Furthermore, it is doubtful that a letter-writing campaign that merely conveyed truthful information to the Port Authority could properly be considered a tortious act.[2] Leaving these matters aside, however, plaintiffs' voluminous submission is still not sufficient to satisfy the *Martin* rule. Although the number of letters indicates that the campaign had broad support within Local

3, it does not show that the campaign was authorized or ratified by every union member. Under *Martin,* an unincorporated labor union has no legal existence apart from its members, and cannot be held liable unless every member is individually liable. The tort at issue in this case, tortious interference with contractual relationship, is similar to the tort of libel involved in *Martin.* Plaintiffs therefore cannot recover under New York law for the letter-writing campaign, absent some indication that every member of the union participated in the campaign, or otherwise authorized it. No such evidence has been submitted.

Nor have plaintiffs presented evidence suggesting that any particular violent acts arising out of Local 3's pickets or other union activities were authorized or ratified by the entire union membership. The allegations in this case are similar to the allegations in *R.M. Perlman.* in that case, the plaintiff sued a union on various claims, including intentional interference with contractual relations, for business losses as a result of the union's violent picketing. Judge Carter held that the complaint failed to state a claim, because it did not allege that every single member of the union authorized or ratified the violent acts it described. 789 F.Supp. at 133. In this case, plaintiffs have neither alleged authorization or ratification, nor presented any evidence that suggests they might be able to meet this stringent burden of proof. Summary judgment for defendant on Count Eight is therefore appropriate.

## CONCLUSION

For the foregoing reasons, Local 3's motion is granted, and Count Eight of the complaint is hereby dismissed with prejudice.

**SO ORDERED.**

---

2. The only detail of the letters which appears to be misleading is the fact that the writers, at Local 3's prompting, identified themselves simply as "concerned citizens," rather than as union members.