WILLIE R. LATIMORE vs. COMMONWEALTH.[1]

Suffolk. April 4, 1994. - May 16, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

Practice, Criminal, Attorney's fees, Costs, Appeal by Commonwealth.

A criminal defendant was not entitled to an award of attorney's fees and
    costs of appeal after a single justice of this court, under G. L. c. 278,
    § 33E, had denied the Commonwealth's application for leave to appeal
    from a Superior Court judge's order allowing the defendant's motion
    for a new trial, where there was no statute or rule authorizing the
    award. [807-809]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on October 28, 1992.

The case was heard by Wilkins, J.

Daniel F. Featherston, Jr., for the defendant.

Cynthia A. Vincent, Assistant District Attorney, for the
Commonwealth.

Scott Harshbarger, Attorney General, & Pamela L. Hunt,
Assistant Attorney General, for the Commonwealth, amicus
curiae, submitted a brief.

LYNCH, J. In this case, we address whether Willie R. La-
timore (defendant) may be awarded attorney's fees and costs
of appeal after a single justice, under G. L. c. 278, § 33E
(1992 ed.), has denied the Commonwealth's application for
leave to appeal from a Superior Court judge's order allowing
the defendant's motion for a new trial. After denying the
Commonwealth's application for leave to appeal, the single
justice also denied the defendant's request for attorney's fees

---

[1]We note with appreciation the amicus brief submitted by the Attorney
General.

and costs. Because no statute or court rule exists authorizing the payment of such costs in these circumstances, we affirm.

1. *Background.* A more complete discussion of the facts underlying the defendant's conviction is contained in *Commonwealth* v. *Latimore,* 378 Mass. 671 (1979). The defendant's conviction for murder in the first degree was affirmed by this court after plenary review under G. L. c. 278, § 33E. In 1982, the defendant filed a motion for a new trial contending that the trial judge had improperly instructed the jury on the meaning of "proof beyond a reasonable doubt" and the issue of malice. In January, 1983, that motion was denied. In February, 1983, pursuant to G. L. c. 278, § 33E, the defendant sought leave from a single justice of this court to appeal from the denial of his motion for a new trial. That application as well as the defendant's subsequent motion for reconsideration were denied. The defendant then unsuccessfully sought review of his conviction based on Federal habeas corpus grounds. In 1992, the defendant filed another motion for a new trial contending that he had received ineffective assistance of counsel at trial and reiterating his attack on the trial judge's instruction on the issue of malice. The motion judge, after finding that the jury may have understood the trial judge's instruction on malice in an unconstitutional manner, allowed the motion for a new trial. The Commonwealth, pursuant to G. L. c. 278, § 33E, applied to the single justice for leave to appeal from the order allowing the motion for a new trial. The single justice denied the Commonwealth's application because he determined that the Commonwealth failed to raise a substantial issue warranting full court review.

The defendant, then, filed a motion pursuant to Mass. R. Crim. P. 30 (c) (8) (B), 378 Mass. 900 (1979), seeking payment for the defendant's costs of appeal together with reasonable attorney's fees. The single justice recognized that "[n]o rule or statute explicitly supports an award of attorneys's fees in this case." The single justice reasoned that a request to a single justice for leave to appeal did not constitute an appeal to an appellate court from a final order as

required by rule 30 (c) (8) (B). The single justice further noted that rule 30 (c) (8) (B) "might suggest" that, in his discretion, he could award attorney's fees. The single justice exercised his discretion and denied the motion because there was no showing that the defendant had actually incurred any financial obligation to defense counsel. On August 9, 1993, defense counsel sent a letter to the single justice requesting he reconsider the denial of the motion for attorney's fees and costs. The single justice treated the letter as a motion for rehearing and denied the motion, in part, because there is no rule or statute authorizing the award of attorney's fees in the circumstances. The docket further states that "[c]ounsel may wish to petition the full court to consider the adoption of a rule, having retroactive effect, or to appeal from the single justice's denial of the motion for the award of attorney's fees." In this case, the defendant appeals from the decision of the single justice denying attorney's fees and costs. We find no error in the single justice's denial of the motion and affirm.

2. *Appellate costs and attorney's fees.* As a general rule, absent a statute or court rule authorizing the award of attorney's fees and costs, parties are responsible for their own costs of litigation. See *Commonwealth* v. *Anderson,* 402 Mass. 576, 580 (1988), citing *Fuss* v. *Fuss (No. 1),* 372 Mass. 64, 70 (1977); *Bournewood Hosp., Inc.* v. *Massachusetts Comm'n Against Discrimination,* 371 Mass. 303, 311-312 (1976). The defendant's motion for attorney's fees and costs relied exclusively on rule 30 (c) (8) (B), which provides in pertinent part:

"An appeal from a final order under this rule may be taken to the Appeals Court by either party. If an appeal is taken . . . [u]pon written motion supported by affidavit the Appeals Court may determine and approve payment to the defendant of his costs of appeal together

with reasonable attorney's fees, to be paid on the order of the trial court after entry of the rescript. . . ."[2]

"Rule 30 is the source of the Commonwealth's right to appeal from rulings on postconviction motions, a right the Commonwealth did not enjoy prior to the rule's adoption in 1979. See *Commonwealth v. McCarthy*, 375 Mass. 409 (1978). See also *Commonwealth v. Cook*, 380 Mass. 314, 319-320 (1980)." *Commonwealth v. Francis*, 411 Mass. 579, 582 (1992). In *Francis, supra* at 583, we determined that, in a capital case[3] where the Commonwealth seeks to appeal from a Superior Court judge's ruling on a rule 30 motion filed after a rescript from this court, the appellate procedure set forth in G. L. c. 278, § 33E, rather than the procedure set forth in rule 30, governs the appeal.[4] Thus, "[i]n a capital case, *no* appeal shall lie from a ruling on a postconviction motion without first having been allowed by a single justice of this court" (emphasis in original). *Id.* at 583-584. In the present case the single justice denied the Commonwealth's application for leave to appeal from the allowance of the defendant's motion for a new trial. Section 33E contains no provision authorizing the payment of costs and attorney's fees; therefore, under that statute, the defendant had no ba-

---

[2]"The provision of subdivision (8) (B) authorizing the reimbursement of the defendant's costs is modeled after former G. L. c. 278, § 28E (St. 1967, c. 898, § 1). In conformity with Superior Court Rule 53 (7) (1974) and Mass. R. Crim. P. 15, [378 Mass. 882 (1979),] the appellate court is to determine the defendant's costs of appeal which are then paid to the defendant by the Commonwealth on the order of the trial court." Reporters' Notes to Mass. R. Crim. P. 30, Mass. Ann. Laws, Rules of Criminal Procedure 486 (1979).

[3]General Laws c. 278, § 33E (1992 ed.), defines a "capital" case as one in which a defendant is indicted and convicted of murder in the first degree.

[4]In *Commonwealth v. Francis*, 411 Mass. 579, 582 (1992), we relied on the language of § 33E providing that, "[i]f any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court."

sis for recovery of attorney's fees and costs. Neither does the defendant's reliance on rule 30 (c) (8) (B) advance his cause.[5] As the single justice noted, the Commonwealth's motion under § 33E involved a request for leave to appeal and did not constitute an appeal to an appellate court from a final order.

The single justice acknowledged that this result creates an anomaly. If the Commonwealth's application for leave to appeal had been allowed, the court would have had the authority under rule 30 (c) (8) (B) to award attorney's fees and costs. There is no authority for the single justice to award attorney's fees when the Commonwealth brings an unmeritorious request for leave to appeal under § 33E, but the court has authority after such a request has been successful. The single justice cogently noted and we agree that "the rules of criminal procedure concerning reasonable counsel fees should be reconsidered to see if they are logical and consistent." Therefore, the court will consider a rule change to eliminate the anomaly.

At present, however, we are faced with the same difficulty as the single justice. An award of attorney's fees and costs is not appropriate because there is no statute or rule providing for the payment of attorney's fees and costs to a defendant when a single justice denies the Commonwealth's application for leave to appeal under § 33E.

*Judgment affirmed.*

---

[5]We have recognized that "[t]o the extent that a single justice reviewing a petition for leave to appeal under c. 278, § 33E, is engaged in a form of 'appellate review,' there is no significant difference between that function and that of the Appeals Court under Mass. R. Crim. P. 30 (c) (8). The only distinction of *any* consequence may be that a decision of the single justice denying leave to appeal is final . . . whereas a decision of the Appeals Court denying postconviction relief may in some instances be the subject of reconsideration or further appellate review" (emphasis added). *Dickerson* v. *Attorney Gen.*, 396 Mass. 740, 742-743 n.2 (1986). With respect to the award of attorney's fees, however, there are significant differences. Section 33E contains no provision concerning attorney's fees and rule 30 (c) (8) (B) conditions the discretionary award of attorney's fees and costs on a party first taking an appeal and the entry of a rescript.