DONNA D. PIERCE & another[1] vs. CHRISTMAS TREE SHOPS, INC., & another.[2]

Norfolk. January 4, 1999. - March 2, 1999.

Present: ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Lien. Health Maintenance Organization. Statute,* Construction.

A lienholder under G. L. c. 111, §§ 70A-70B, the medical lien statute, may not be ordered to contribute to the attorney's fees and costs incurred by an injured party in an action against the tortfeasor, where the lien statute makes no provision for such payment. [92-93]

CIVIL ACTION commenced in the Superior Court Department on September 27, 1996.

The case was heard by *Elizabeth B. Donovan*, J.

The Supreme Judicial Court granted an application for direct appellate review.

*Richard E. Brody* for the plaintiffs.

*Kenneth W. Salinger* (*Steven L. Schreckinger* with him) for Harvard Pilgrim Health Care of New England.

*Steven H. Schafer* (*Camille F. Sarrouf, John J. St. Andre, & Martin W. Healy* with him) for Massachusetts Academy of Trial Attorneys & another, amici curiae, submitted a brief.

ABRAMS, J. At issue is whether Harvard Pilgrim Health Care of New England (HPHC), a lienholder under G. L. c. 111, §§ 70A-70B (medical lien statute), may be ordered to contribute to the attorney's fees and costs incurred by the plaintiff Donna D. Pierce in pursuing a tortfeasor. A Superior Court judge ordered HPHC to contribute to the plaintiff's attorney's fees and costs in the underlying tort action against the tortfeasor, the settlement of which allowed HPHC to enforce its lien. We allowed HPHC's application for direct appellate review. We reverse.

[1]Charles J. Pierce, Jr.

[2]The Hanover Insurance Company. The original defendants are not parties to this dispute, which concerns the plaintiff and the lienholder.

In August, 1995, the plaintiff was injured on the premises of Christmas Tree Shops, Inc. The plaintiff was treated at South Shore Hospital. Pursuant to a subscriber agreement between HPHC and the plaintiff, HPHC paid the plaintiff's medical expenses, totaling $10,165.79.

In September, 1996, the plaintiff and her husband commenced a claim against the tortfeasor for personal injuries. In May, 1997, HPHC perfected a lien against the plaintiff for the medical expenses it had paid, pursuant to the medical lien statute. Before trial, the plaintiff and the tortfeasor agreed to a settlement.

The plaintiff then filed a motion in the Superior Court to determine the amount that she was required to pay HPHC under the lien. The plaintiff sought to "compromise the amount of the lien and order [HPHC] to pay a proportional share of [the plaintiff's] attorney's fees and costs in [the] underlying tort action [against the tortfeasor]." HPHC opposed the motion, arguing it was entitled to enforce the lien under G. L. c. 111, §§ 70A-70D,[3] and under the subrogation clause of the subscriber agreement. The judge ordered HPHC to pay the plaintiffs' counsel one-third of its recovery, reasoning that equity required that HPHC pay the standard contingency fee associated with this type of claim. HPHC unsuccessfully filed a motion for reconsideration. Pursuant to their agreement, the plaintiffs and the tortfeasor then stipulated to a dismissal of the underlying tort claim.

*Medical lien statute.* The plaintiff urges that we uphold the judge's conclusion that equity allows for the deduction of attorney's fees and costs from a medical lien.[4] The plaintiff relies on dicta in *Whelan* v. *Division of Medical Assistance,* 44 Mass.

---

[3]General Laws c. 111, § 70A, provides, in pertinent part: "[A]ny health maintenance organization which has furnished health services . . . to a person injured in . . . an accident shall, subject to the provisions of [§ 70B], have a lien for such benefits, upon the net amount payable to such injured person, his heirs or legal representative out of the total amount of any recovery or sum had or collected or to be collected, whether by judgment or by settlement or compromise, from another person as damages on account of such injuries."

[4]The judge cited to the following equitable considerations in granting the plaintiff's request: (1) the insured's attorney provided Harvard Pilgrim Health Care of New England (HPHC) with the valuable service of recovering expended funds; and (2) not requiring HPHC to share fees and costs would require an accident victim, prior to initiating an action against a third party, to decide whether her recovery will exceed the amount of the attorney's fees and

App. Ct. 663 (1998). In that case, the division of medical assistance had asserted a lien against the plaintiff for medical benefits, later recovered from a third-party tortfeasor. The Appeals Court suggested that, although the lien statute in question was silent as to attorney's fees and costs, the lienholder might be required to pay a share of the fees and costs on equitable grounds. See *id.* at 668-669.

"The scope of the authority of this court to interpret and apply statutes is limited by its constitutional role as a judicial, rather than a legislative, body. See art. 30 of the Massachusetts Declaration of Rights. . . . We cannot interpret a statute so as to avoid injustice or hardship if its language is clear and unambiguous and requires a different construction." *Rosenbloom* v. *Kokofsky*, 373 Mass. 778, 780-781 (1977). "[E]ven if an injustice or hardship were to result, this court cannot insert words into a statute, where, as here, the language of the statute, taken as a whole, is clear and unambiguous." *Bronstein* v. *Prudential Ins. Co.*, 390 Mass. 701, 708 (1984). See *American Grain Prods. Processing Inst.* v. *Department of Pub. Health*, 392 Mass. 309, 315 (1984) ("when [a] statute appears not to provide for an eventuality, there is no justification for judicial legislation"); *Milton* v. *Metropolitan Dist. Comm'n*, 342 Mass. 222, 227 (1961) ("not the province of the court to so interpret language of [a] statute that [an injustice or hardship] may be avoided"). "If the Legislature has intentionally omitted a provision from a statute, no court may then reintroduce it" (citation omitted). *Bay State Gas Co.* v. *Local No. 273, Util. Workers Union*, 415 Mass. 72, 75 (1993).

The medical lien statute provides a detailed framework by which a healthcare provider may perfect a lien for the amount of benefits extended to an insured against a recovery from a third party who caused the insured's injury. The statute does not require the lienholder to pay any portion of the plaintiff's fees and costs for the valuable service of recovering a judgment from a third party. Therefore, we conclude that the lienholder need not pay any portion of the plaintiff's fees and costs. See *Leary* v. *Contributory Retirement Appeal Bd.*, 421 Mass. 344, 348 (1995).

The matter is remanded to the Superior Court. The order

costs and the medical lien. This in turn could cause accident victims with legitimate claims to forgo recovery.

requiring the lienholder to pay a portion of the plaintiff's attorney's fees and costs is vacated.[5]

*So ordered.*

---

[5]The plaintiff asserts that the judge's decision comports with the subrogation rights of HPHC, as provided in the subscriber agreement. According to the plaintiff, allowing the insurer to enforce its lien, without contributing to attorney's fees and costs, results in an unjust enrichment because the insurer is paid the premiums and expends no funds to recover its lien. Because subrogation is equitable in nature, the plaintiff argues that the judge's decision was appropriate under the subrogation claim of her contract of insurance. We disagree. The subrogation clause is silent as to attorney's fees and costs and absent an express provision in the contract to the contrary, the plaintiff is responsible for her own fees and costs.