To the Honorable the Senate of the Commonwealth of Massachusetts:
The undersigned Justices of the Supreme Judicial Court respectfully submit this answer to the question set forth in an order, adopted by the Senate on July 1, 1999, and transmitted to us on July 6, 1999. The order recites the pendency before the General Court of Senate Bill No. 1913, entitled “An Act relative to appropriations from the commonwealth stabilization fund.” The order states in part that “Senate No. 1913 amends section 2H of chapter 29 of the General Laws, which establishes the Commonwealth Stabilization Fund, by prohibiting the General Court from passing a law appropriating money from the Fund unless (1) the Governor first makes a finding of a defined fiscal emergency, and (2) the General Court passes the law by a two-thirds vote.”
The order also indicates that grave doubt exists as to the constitutionality of the bill, if enacted into law, and requests our opinion on the following question:
“Does Senate No. 1913, by prohibiting the General Court from passing laws appropriating money from the Com *1032 monwealth Stabilization Fund unless the Governor first makes a finding of a defined fiscal emergency, and unless the General Court passes such laws by a two-thirds vote, violate article LXIII of the Amendments to the Constitution, which authorizes the General Court to make appropriations without either of these requirements; article IV of section I of chapter I of Part the Second of the Constitution, which authorizes the General Court to make laws without either of these requirements; or article XXX of the Declaration of Rights, which prohibits the executive department from exercising legislative power?”
General Laws c. 29, § 2H, originally enacted in 1986, St. 1986, c. 488, § 6, establishes the Commonwealth Stabilization Fund (Fund), which is funded from a portion of the consolidated net surplus in the State funds at the close of the fiscal year. See G. L. c. 29, § 5C. Section 2H declares as the Fund’s purpose “to create and maintain a reserve” available to respond to certain broadly stated fiscal problems that might arise in the future. The proposed bill, Senate No. 1913, would amend § 2H by prohibiting the Legislature from appropriating money from the fund unless (1) the Governor first issues a “declaration of need” after having found a “fiscal emergency,” which the bill defines as a lack of “sufficient revenue to cover previously approved operating expenses,” and (2) the Legislature passes the appropriation bill by a two-thirds vote, presumably of each house.
The power to appropriate money of the Commonwealth lies exclusively in the legislative branch. Part II, c. 1, § 1, art. 4, of the Constitution of the Commonwealth. Bromfield v. Treasurer & Receiver Gen., 390 Mass. 665, 672 (1983). Opinion of the Justices, 375 Mass. 851, 853 (1978). Under our Constitution that power can be exercised only by the General Court and only in the particular manner prescribed. Opinion of the Justices, 302 Mass. 605, 612 (1939). See art. 30 of the Declaration of Rights of the Massachusetts Constitution; Opinion of the Justices, 393 Mass. 1209, 1219 (1984) (“General Court may not delegate the general power to make laws”); Opinion of the Justices, 328 Mass. 674, 675 (1952) (Legislature may not “abandon any of the powers entrusted to it by the Constitution or transfer those powers to any other person or group of persons”). Article 63 of the Amendments to the Constitution of the Commonwealth, as *1033 amended, sets out the appropriation process and defines the respective powers of the Governor and the Legislature.
Specifically, art. 63 gives the Governor the power and duty to recommend appropriations to the General Court by submission of an annual budget. Art. 63, § 2, as amended by art. 107 of the Amendments to the Constitution. In passing the general appropriation bill, the Legislature “may increase, decrease, add or omit items in the budget.” Art. 63, § 3. The Governor may then approve, disapprove, or reduce the Legislature’s appropriation items, subject to the Legislature’s power to override his veto or reduction of any item by a two-thirds vote of each house.[1] Part II, c. 1, § 1, art. 2. Art. 63, § 5, as amended by art. 90, § 4, of the Amendments to the Constitution. Article 63 does not expressly prohibit a preapproval requirement, such as that contemplated by Senate No. 1913.[2]
The proposed bill would give the Governor the authority to prevent the appropriation of money from the Fund. Cf. Opinion of the Justices, 302 Mass, at 616 (leaving to executive branch administration or means by which object of an appropriation may be accomplished). By conferring on the Governor the exclusive power to initiate a law mating an appropriation from the Fund, beyond that stated in art. 63, the proposed bill would deprive the Legislature of its full authority to pass laws mating appropriations. See Part II, c. 1, § 1, art. 2; art. 63. As such, the requirement would impermissibly delegate the power of appropriation from the legislative branch to the executive branch of government and thus violate the separation of powers provision of the Massachusetts Constitution. See art. 30; Opinion of the Justices, 365 Mass. 639, 642 (1974) (art. 30 does not permit one department to interfere with power of another department).
The Justices therefore conclude that the proposed bill, which requires the Governor to make a declaration of need prior to appropriations from the Fund, would violate Part II, c. 1, § 1, art. 4, which authorizes the General Court to make laws without such a declaration; art. 63, which authorizes the General Court to make appropriations without such a declaration; and art. 30, *1034 which prohibits the executive department from exercising legislative power.
We answer the question, “Yes.”
Because we answer the question in the affirmative for the reasons discussed above, we do not consider the constitutionality of the requirement of a two-thirds vote of the General Court in order for the Legislature to make an appropriation from the Fund.
The foregoing opinion and answer are submitted by the Associate Justices subscribing hereto on the 30th day of September, 1999.
Ruth I. Abrams
Neil L. Lynch
John M. Greaney
Margaret H. Marshall
Roderick L. Ireland

The process is similar for “special” appropriation bills. Art. 63, §§ 4, 5.

Compare art. 2, § 8, of the Amendments to the Constitution, as amended by art. 89, of the Amendments, which provides that the General Court may enact special laws relating to individual municipalities “by a two-thirds vote of each branch of the general court following a recommendation by the governor.”