## Commonwealth *vs.* John D. Gonsalves.

Plymouth. October 2, 2000. - November 9, 2000.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, & Sosman, JJ.

*District Attorney. Practice, Criminal,* Attorney fees. Costs, Interlocutory appeal. *Constitutional Law,* Separation of powers.

Discussion of G. L. c. 278, § 28E, which allows the Commonwealth to appeal from an order suppressing evidence in a criminal case, and Mass. R. Crim. P. 15 (d), which provides for payment of a defendant's attorney's fees and costs upon such appeal by the Commonwealth. [615-618]

An order under Mass. R. Crim. P. 15 (d), for payment of a criminal defendant's reasonable attorney's fees upon the Commonwealth's appeal of a judge's allowance of a motion to suppress evidence, did not violate a district attorney's asserted "right of equal access to the courts" [618-619] or the separation of powers under art. 30 of the Declaration of Rights of the Massachusetts Constitution [619-622].

Indictment found and returned in the Superior Court Department on May 27, 1997.

Following review by this court, 429 Mass. 658 (1999), a motion for enforcement of an order for payment of attorney's fees and costs was heard by *Greaney*, J., and was referred by him to a panel of this court.

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.

*John M. Thompson* (*J. Drew Segadelli* with him) for the defendant.

*Kevin M. Burke*, District Attorney, & *James A. Janda*, Assistant District Attorney, for District Attorney for the Eastern District & others, amici curiae, submitted a brief.

Greaney, J. We are concerned in this case with an assertion by the office of the district attorney for the Plymouth district (district attorney), that an order entered under Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996), directing that office to pay the attorney's fees and costs of the defendant's private counsel, is unconstitutional. We reject the argument.

The following summarizes the background of the case. The defendant was charged in the Superior Court with trafficking in cocaine. A judge in that court allowed the defendant's motion to suppress the cocaine, and his statements to a State trooper, because the trooper had "no objective" basis to order the defendant, who was sitting in the rear of a taxicab stopped by the trooper for a suspected traffic violation, to get out of the taxicab. A single justice of this court allowed the Commonwealth's application under Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996), to pursue an interlocutory appeal from the order granting the motion to suppress, and the appeal was transferred to the Appeals Court. That court affirmed the suppression order, relying on case law under art. 14 of the Declaration of Rights of the Massachusetts Constitution, concluding, as did the Superior Court judge, that the trooper's order was constitutionally unlawful. *Commonwealth* v. *Gonsalves*, 46 Mass. App. Ct. 186 (1999). We granted the Commonwealth's application for further appellate review. We also concluded that the trooper's order was invalid under case law interpreting art. 14. In so doing, we declined to adopt the holdings of *Pennsylvania* v. *Mimms*, 434 U.S. 106, 111 (1977), and *Maryland* v. *Wilson*, 519 U.S. 408, 415 (1997), that state a police officer does not violate the Fourth Amendment to the United States Constitution when the officer in a routine traffic stop orders a passenger out of a vehicle. *Commonwealth* v. *Gonsalves*, 429 Mass. 658 (1999).

The defendant's counsel, who was privately retained, applied under rule 15 (d) for payment of his attorney's fees and costs in connection with our decision. A single justice ordered payment of $1,536.54, and directed that the attorney's fees and costs be paid by the Administrative Office of the Trial Court (AOTC), if funds were available therein for payment, and, if not, by the district attorney.[1] *Commonwealth* v. *Murphy*, 423 Mass. 1010, 1011 (1996). The AOTC did not have an account or funds to satisfy the order, so the defendant's counsel looked to the district attorney for payment.

The district attorney refused to make payment, stating that appropriated funds were lacking to pay the order, and that it was "void ab initio" because it unconstitutionally required pay-

---

[1] The record does not disclose the amount of attorney's fees and costs that were granted to the defendant's counsel under Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996), for his work before the Appeals Court.

ment by prosecutors. Further efforts by the defendant's counsel to obtain payment from the district attorney were equally unsuccessful. The defendant's counsel then filed a motion seeking enforcement of the order for payment against the district attorney. After a hearing, a single justice referred the motion to the full court for argument and decision.

1. There is merit to the defendant's argument that the district attorney waived his constitutional challenge by failing to raise it before the single justice when the award under rule 15 (d) was made. The district attorney did not assert a constitutional challenge until several months had passed after the entry of the order, and then only when the defendant's counsel made demand for payment. Because the constitutional issue is important to the administration of justice and will surely arise again in a timely fashion, we shall proceed to resolve it now.[2] See *McLeod's Case*, 389 Mass. 431, 434 (1983); *Commonwealth* v. *Dunigan*, 384 Mass. 1, 5 (1981); *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943).

2. To place discussion of the constitutional argument in context, we describe the purpose of G. L. c. 278, § 28E, and rule 15, which implements the statute. We also set forth the reasoning behind the direction in *Commonwealth* v. *Murphy, supra*, that payment of orders entered under rule 15 (d), is, in the absence of payment by AOTC, to be made by prosecutors.

General Laws c. 278, § 28E, grants the Commonwealth the right to appeal from a suppression order entered in the Superior Court, and rule 15 sets forth the procedure to effectuate that right. Without the right, the Commonwealth could not directly appeal from a suppression order. The provision of a right of appeal for the Commonwealth is desirable. There has been considerable growth of constitutional law in the areas of search and seizure and confessions. Where suppression has been granted, the Commonwealth should not be left stymied in its efforts to seek relief or to try the accused. Further, "the importance of allowing the government to appeal goes beyond

---

[2]Appellate review of a rule 15 (d) order is generally not available. *Commonwealth* v. *Murphy*, 423 Mass. 1010, 1010 n.2 (1996). There is an exception to this rule when the order denies the defendant's counsel any attorney's fees and costs. *Commonwealth* v. *Lopez*, 430 Mass. 244, 245-246 (1999). Obviously, there must be a right in this case to obtain an appellate determination of the constitutional validity of this court's determination of the source of payment under rule 15 (d).

the significance of any particular prosecution. The rules on search and seizure and confessions are [often] characterized by a . . . degree of uncertainty. If lower court rulings restricting police conduct cannot be appealed and if inconsistent lower court decisions can be resolved only by an appeal by a defendant, it is most difficult to formulate law enforcement policies" (footnote omitted). 5 W.R. LaFave, Search and Seizure § 11.7 (b), at 389 (3d ed. 1996), quoting President's Commission on Law Enforcement and Administration of Justice, Task Force Report: The Courts, at 47-48 (1967). Exercise of the right of appeal by the Commonwealth often results in the development of State constitutional law, as the principal opinion in this case, *Commonwealth* v. *Gonsalves*, 429 Mass. 658 (1999), illustrates. Prosecutors have an obligation to see that clear rules exist both to guide the police and to protect the constitutional rights of Massachusetts citizens.

We next describe the basis underlying the requirement in rule 15 (d) for the payment of attorney's fees and costs on an application by the Commonwealth to appeal from a suppression order. General Laws c. 278, § 28E, inserted by St. 1967, c. 898, § 1, prior to the adoption of the rules of criminal procedure, stated in part as follows:

> "If the appeal or application therefor is taken on behalf of the commonwealth the defendant shall be released on personal recognizance, and shall be reimbursed his costs of appeal together with reasonable attorneys' fees, subject to the approval of the court.

> "Rules of practice and procedure with respect to appeals authorized by this section shall be the same as those now applicable to criminal appeals under sections thirty-three A through thirty-three G, inclusive."

On the adoption of the rules of criminal procedure on July 1, 1979, § 28E was rewritten, see St. 1979, c. 344, § 45, to conform the statute to the rules (effective July 1, 1979, see St. 1979, c. 344, § 51). No provision was made by the Legislature in the new § 28E concerning the award of attorney's fees and costs, because that matter had been dealt with by rule 15 (d) of the new rules of criminal procedure. The absence, therefore, of any language in the new § 28E concerning attorney's fees and

costs is of no significance.[3] The provision for attorney's fees and costs is a hybrid of statute and rule.[4]

Rule 15 (d) provides a needed measure of protection to the rights of defendants by seeking to equalize the resources of the defendant with those of the Commonwealth. A defendant who is able to retain private counsel may not have the funds for an interlocutory appeal from a suppression motion on which he has prevailed. The lawyer should not be placed in the untenable position of either volunteering his services on the appeal or abandoning the defendant. These considerations are present in every case and especially operative when the case involves a significant constitutional issue on which the defense bar has an equal interest with the prosecution in establishing the law.

The appropriate source of funds for paying an award under rule 15 (d) to a defendant's private counsel (subject to the Legislature's final determination) was decided in *Commonwealth* v. *Murphy, supra.* As that case points out (*id.* at 1011), AOTC had been paying the bills for some time. The orders entered after the *Murphy* decision still direct that "[t]o the extent that AOTC has appropriated funds to pay these bills, it should pay these claims." *Id.* AOTC presently does not have an account or funds to satisfy the orders. In that situation, the *Murphy* decision held that the prosecutor's office that had applied for leave to appeal was required to bear the costs. *Id.* In so holding, we rejected the prosecutor's argument that the costs

[3]Attorney's fees and costs may be authorized only by court rule or statute. *Latimore* v. *Commonwealth*, 417 Mass. 805, 807, 809 (1994), and cases cited.

[4]Rule 15 (d) was last revised in 1996. The standing advisory committee on the rules of criminal procedure reconsidered several rules concerning the payment of attorney's fees and costs to ensure that they were consistent. Reporters' Notes to Mass. R. Crim. P. 15, Mass. Ann. Laws, Rules of Criminal Procedure, at 182 (Lexis 1997). This was done in response to the decision in *Latimore* v. *Commonwealth, supra*, where the Commonwealth filed an application for leave to appeal from the allowance of a motion for a new trial under G. L. c. 278, § 33E. The application was denied by a single justice, and the defendant moved for the payment of attorney's fees and costs. Because the application was controlled by § 33E, rather than Mass. R. Crim. P. 30 (c) (8) (B), 378 Mass. 900 (1979), then in effect, no specific provision for the payment of fees and costs was available. The standing advisory committee considered the matter and revised rule 15 (d) and rule 30 (c) (8), to provide, according to the terms of each rule, for the payment of a defendant's attorney's fees and costs when an application by the Commonwealth is denied. See Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996); Mass. R. Crim. P. 30 (c) (8) (B), as appearing in 420 Mass. 1502 (1995).

should not be assigned to his office, but properly belonged to the judiciary. *Id.*[5]

3. We turn now to the merits of the appeal. The district attorney claims that an order entered under rule 15 (d) is unconstitutional because the order violates both the prosecutor's right of equal access to the courts and the separation of powers between the judiciary and the other branches of government.

There is no merit to the claim that a rule 15 (d) payment order violates a prosecutor's constitutional right of equal access to the courts by "singling out prosecutors and effectively penalizing them for exercising their right to pursue an appeal." Article 11 of the Declaration of Rights of the Massachusetts Constitution, set forth below,[6] affords no constitutional protection to prosecutors. As a representative of a district attorney's office, a prosecutor is an officer of the State, and cannot be characterized as a "subject" of the Commonwealth.[7] The district attorney's alternative claim, that art. 11 applies because a prosecutor represents members of the public, who are subjects of the Commonwealth, also lacks merit. The right to prosecute a criminal

[5]In *Commonwealth* v. *Murphy*, 423 Mass. 1010, 1011 (1996), we accepted the reasoning of the single justice on this point, and it is useful to state that reasoning here:

> "[The] order directed that payment of attorney's fees be made from funds of the Commonwealth appropriated to the office of the District Attorney. It was that office that sought leave to appeal on behalf of the Commonwealth, and the imposition of the costs of counsel on it appropriately places the burden on the office whose conduct caused the costs of counsel to be incurred. The cost of counsel in this case does not fall within the costs of maintenance and operation of courts as defined in G. L. c. 29A, § 1. Counsel in this case was not assigned. The cost of prosecution and defense of criminal matters are not costs of the judiciary in the natural order of things. That § 1 of G. L. c. 29A states that the cost of assigned counsel are costs of the operation and maintenance of the courts does not make the costs of unassigned counsel an element of the cost of the judiciary."

[6]"Every subject of the Commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character. He ought to obtain right and justice freely, and without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws."

[7]The claim that prosecutors also have a Federal right of equal access fails for the same reason. The Fourteenth Amendment to the United States Constitution provides that: "No state shall . . . deny any *person* within its jurisdiction the equal protection of the laws" (emphasis added).

case resides solely in the office of the district attorney, as a representative of the Commonwealth, and not in individual members of the public. See *Taylor* v. *Newton Div. of the Dist. Court Dep't,* 416 Mass. 1006, 1006 (1993); *Manning* v. *Municipal Court of the Roxbury Dist.,* 372 Mass. 315, 317 (1977).[8]

We also reject the district attorney's assertion that rule 15 (d) violates art. 30 of the Declaration of Rights of the Massachusetts Constitution, which is set forth below.[9] While the limitations of art. 30 must be scrupulously observed, "separation of powers does not require three 'watertight compartments' within the government." *Opinion of the Justices,* 372 Mass. 883, 892 (1977). An act of one branch of government does not violate art. 30 unless the act "unduly restrict[s]" a core function of a coordinate branch. See *id.* "The essence of what cannot be tolerated is the creation of interference by one department with the power of another department." *New Bedford Standard-Times Publ. Co.* v. *Clerk of the Third Dist. Court of Bristol,* 377 Mass. 404, 410 (1979).

We first consider whether rule 15 (d) improperly interferes with the fiscal authority constitutionally reserved to the Legislature. "The power to direct the spending of State funds is a quintessential prerogative of the Legislature." *County of Barnstable* v. *Commonwealth,* 422 Mass. 33, 45 (1996). See *Pierce* v. *Christmas Tree Shops, Inc.,* 429 Mass. 91, 93 (1999). The district attorney argues that, because G. L. c. 278, § 28E, does not expressly provide for the payment of a defendant's attorney's fees and costs, rule 15 (d) amounts to "judicial legislation" that has the effect of violating the Legislature's exclusive power to allocate public funds. See *Opinion of the Justices,* 430 Mass. 1201, 1202 (1999). Of course, any attempt by this court to compel the Legislature to make a particular appropriation for the payment of rule 15 (d) attorney's fees and costs would violate art. 30. See *Bromfield* v. *Treasurer & Receiver Gen.,* 390 Mass. 665, 670 n.9 (1983). An order under rule 15 (d), however, merely directs the prosecutor's office that applied for leave to

---

[8]Because no constitutional right is implicated here, we need not consider the district attorney's argument that limitations imposed by rule 15 (d) bear no rational relation to any legitimate State purpose.

[9]"In the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."

pursue the appeal to pay a defendant's attorney's fees and costs, if the funds are not forthcoming from AOTC. The order is obviously not an appropriation, nor does it purport to direct the Legislature to make an appropriation. Cf. *Opinion of the Justices*, 323 Mass. 764, 766 (1948).

As has been discussed, rule 15 (d) reflects the Legislature's intent, once stated in G. L. c. 278, § 28E, that a defendant be reimbursed for attorney's fees and costs associated with defending a claim on which he or she has already succeeded.[10] This court has the authority to order payment of a defendant's attorney's fees and costs by rule, see *Latimore* v. *Commonwealth*, 417 Mass. 805, 807 (1994), and cases cited; and, implicitly the authority to specify the source of the payment. See *Commonwealth* v. *Murphy, supra* at 1011. See also *Opinion of the Justices*, 372 Mass. at 892-893 (inherent authority of judiciary not limited to adjudications, but includes ancillary functions, such as rule-making and judicial administration necessary to carry out the judiciary's constitutional mandate). As long as payments continued to be made by AOTC, the lack of specificity concerning the source of payment lent a certain beneficial flexibility to the rule. When, however, AOTC could not pay the bills, and the district attorney disclaimed financial responsibility, it became necessary to direct an appropriate source of payment. See *Commonwealth* v. *Murphy, supra.* The determination that, in view of the limitations stated in G. L. c. 29A, payment should be made by the prosecutor who pursued the appeal, was an appropriate exercise of judicial authority to enforce a rule.

We next examine whether an order directing that a prosecutor pay a rule 15 (d) award unduly interferes with the exclusive power of the executive branch to prosecute criminal cases. See *Commonwealth* v. *Gordon*, 410 Mass. 498, 500-501 (1991). A prosecutor has wide discretion in deciding whether to prosecute a particular defendant, see *Commonwealth* v. *Taylor*, 428 Mass. 623, 629 (1999), and cases cited, and the judiciary cannot "short-circuit[] the adversary process by silencing the people's elected voice." *Commonwealth* v *Gordon, supra* at 501. The district attorney argues that the financial burden imposed by awards under rule 15 (d) interferes with a prosecutor's discre-

---

[10]Of course, the Legislature may amend G. L. c. 278, § 28E, to foreclose rule 15 (d) awards, at any time, if it is so inclined, and the Legislature has full authority to specify the source of payment.

tion to decide: when to appeal an unfavorable suppression deci-
sion (and, thus, proceed with a particular case); when to
advocate for development in the law that may serve legitimate
public interests; and, how best to allocate limited prosecutorial
resources. The district attorney essentially claims that, if
compelled to pay rule 15 (d) awards, prosecutors will be unable
adequately to fulfil their duties to enforce the law and to protect
the constitutional rights of Massachusetts citizens.[11] We reject
this argument.

As a practical matter, limited prosecutorial resources will
always impose certain restraints on prosecutors. See *United
States* v. *Goodwin*, 457 U.S. 368, 382 & n.14 (1982). Even
without rule 15 (d), budgetary considerations may force a
prosecutor to choose between a case that merits appeal of an
unfavorable decision on a motion to suppress (because the case
represents an important issue of law enforcement policy, as hap-
pened here, or because the public interest would be otherwise
served by the appeal), and a case that does not warrant an
appeal. The decision to seek an appeal remains exclusively the
decision of a district attorney without interference by the
judiciary. To the extent rule 15 (d) adds to the costs of an
interlocutory appeal by a prosecutor, the rule presents an
administrative budgetary problem no different from any other
faced by the prosecutor.[12] There is no argument that the amount
awarded in this case is unreasonable. There is no basis to
conclude that any district attorney's office has failed to apply
for leave to appeal from a suppression order believed to be
wrongly decided or to have wide impact, because of the burden
on the office of paying the defendant's attorney's fees and costs.
In light of the history of rule 15 (d), there is no reason to believe
that the Legislature will refuse to make the necessary appropria-
tions requested by prosecutors. Funds appropriated to pay rule
15 (d) orders would constitute separate allocations by the
Legislature; prosecutors would not have to pay the bills out of

[11]The district attorney argues that rule 15 (d) requires payment of a
defendant's costs and fees, regardless of the merits of the prosecution's
claims, and also argues that "[t]here is no justification for insulating improper
decisions by trial judges from review" to that degree. We dealt with this
objection in *Commonwealth* v. *Lopez*, 430 Mass. 244, 246 n.2 (1999).

[12]We do not agree with the district attorney's claim that the expenses
involved in rule 15 (d) cases are excessive or unpredictable. See *Com-
monwealth* v. *Murphy*, *supra* at 1011 n.3.

funds earmarked in their budgets for the operation of their offices and the prosecution of cases.[13]

4. The case is remanded to the county court where the single justice is to allow and determine the defendant's counsel's reasonable attorney's fees and costs in connection with this appeal. A judgment is then to be entered allowing the motion for enforcement.[14]

*So ordered.*

---

[13]Various policy arguments have also been made concerning the appropriateness of rule 15 (d). These arguments are beyond the scope of the constitutional issues raised by the appeal. The standing advisory committee may have considered most of the policy arguments when it decided to continue, with the adoption of rule 15 (d), what had been the practice first embodied in G. L. c. 278, § 28E, inserted by St. 1967, c. 898, § 1.

[14]Future orders under rule 15 (d) should continue to be made in the form specified in *Commonwealth* v. *Murphy, supra* at 1011, directing payment by AOTC, if funds are available therein for payment, and, if not, by the office of the prosecutor that filed the application for leave to pursue the interlocutory appeal.