COMMONWEALTH *vs.* JOHN D. GONSALVES. August 15, 2002. *Rules of Criminal Procedure. Practice Criminal,* Attorney's fees, Costs.

The defendant appeals from an order and judgment of a single justice of this court reconsidering and reducing an initial award of appellate attorney's fees and costs under Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996), and declining to award additional fees in connection with the defendant's opposition to the Commonwealth's motion for reconsideration.[1] He additionally seeks reasonable attorney's fees and costs incurred in connection with this appeal.

As a threshold matter, we note that "[a]ppellate review of a rule 15 (d) order is generally not available," *Commonwealth* v. *Gonsalves,* 432 Mass. 613, 615 n.2 (2000), except where "the order denies the defendant's counsel any attorney's fees and costs." *Id.* In this case the single justice's reduced award on reconsideration completely deprived the defendant and his attorney of reasonable fees and costs associated with the defendant's opposition to the Commonwealth's request for reconsideration of the original award. In addition, because of the "important practical issues presented," we have decided to review the entire rule 15 (d) order. *Commonwealth* v. *Murphy,* 423 Mass. 1010, 1010-1011 n.2 (1996), quoting *Commonwealth* v. *Dunigan,* 384 Mass. 1, 5 (1981).

We do not linger over the defendant's argument that the single justice lacked discretion to reconsider the initial attorney's fee and cost award (principally because the Commonwealth had failed to file an opposition to the fee motion prior to issuance of the award) or to consider materials submitted to him on reconsideration. It is settled that a judge has considerable discretion to reconsider prior orders, provided the request is made within a reasonable time. See, e.g., *Bannister* v. *Commonwealth,* 411 Mass. 130, 132 (1991); *Commonwealth* v. *Cronk,* 396 Mass. 194 (1985); *Fine* v. *Commonwealth,* 312 Mass. 252, 255 (1942). In reconsidering the prior order, the single justice neither lacked discretion, nor abused the discretion he had.

The single justice was not required to engage in a factor-by-factor analysis of the components of the initial or reconsidered fee and cost award, nor was he required to make detailed written findings, so long as there is a sufficient indication that the award was made with consideration of the appropriate factors. *Margolies* v. *Hopkins,* 401 Mass. 88, 93 (1987). It appears from the record that the amount of the final award was derived from the attorneys' affidavits and invoices summarizing the time spent on particular tasks and specifying hourly rates. The single justice was also entitled to rely on his observations of counsel and their work product and performance throughout the proceedings before him and before the full court. See *Brash* v. *Brash,* 407 Mass. 101, 106 (1990); *Moriarty* v. *Stone,* 41 Mass. App. Ct. 151, 159 (1996). The single justice's initial order states that the award was made "[i]n consideration of the appropriate factors in awarding attorney fees and costs . . . ." His order on reconsideration expressly notes the merit of the Commonwealth's position. In its memorandum in support of a motion for reconsideration, the Commonwealth stated multiple grounds for reducing defense attorney's award of fees and costs. These grounds included the fol-

---

[1]The single justice had the matter of fees and costs before him pursuant to the penultimate sentence in *Commonwealth* v. *Gonsalves,* 432 Mass. 613, 622 (2000).

lowing: (1) The amount of fees and costs sought ($17,133.23) is unreasonable when compared to the amount at stake ($1,536.54); (2) the amount is unreasonable when compared to other awards under rule 15 (d); (3) the rate of pay is unreasonable when compared to amounts earned by others who are regularly engaged in criminal appellate practice; (4) the two attorneys billed for an unreasonable amount of time involving unwarranted duplicative efforts by them.

The order on reconsideration is unclear as to the grounds for reducing the award of fees and costs by $6,000. Accordingly, we remand the case to the single justice for a more detailed explanation of the basis for this reduction. Such an explanation is necessary to ensure a fair process and to facilitate any possible appellate review. Where, as here, the single justice chooses to make a substantial adjustment in fees and costs, reasons are necessary for his ruling, particularly with regard to the grounds for reduction stated by the Commonwealth.

In addition, we are of opinion that attorney's fees and costs incurred in connection with defending the original fee and cost award against the Commonwealth's motion for reconsideration are compensable, so long as they are reasonable, necessary, and not duplicative. Cf. *Stratos* v. *Department of Pub. Welfare*, 387 Mass. 312, 325 (1982) ("As a general rule, time spent in establishing and defending a fee, or objecting to an unduly small award, should be included in the final calculation of the award"). Accordingly, we also remand that aspect of the single justice's decision denying fees and costs associated with opposing the Commonwealth's motion for reconsideration of the original attorney's fee and cost award to the county court for a determination whether the fees and costs so incurred were reasonable, necessary, and not duplicative and, if so, for determination of an appropriate payment. The single justice shall also allow and determine the defendant's counsel's reasonable attorney's fees and costs in connection with this appeal, solely to the extent that they directly relate to the issue for which the case is remanded. See *Commonwealth* v. *Gonsalves, supra* at 622 (fees in connection with appeal related to motion seeking enforcement of payment order); *Stowe* v. *Bologna*, 417 Mass. 199, 206 (1994); *Stratos* v. *Department of Pub. Welfare, supra*.

*So ordered.*

*John M. Thompson (J. Drew Segadelli* with him) for the defendant.
*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.