COMMONWEALTH *vs.* ROLAND DOUGLAS PHINNEY, JR.

Suffolk. December 6, 2005. - March 28, 2007.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Practice, Criminal,* Appeal, Attorney's fees, Fees and costs, Request for fees and costs.

Discussion of rules of criminal procedure authorizing awards of appellate fees and costs to defendants in those situations where the Commonwealth is entitled to appeal, or seek leave to appeal, from trial court rulings in a defendant's favor. [622]

This court concluded that in circumstances where a criminal defendant prevailed on a new trial motion, and then the Commonwealth applied to a single justice for leave to appeal pursuant to G. L. c. 278, § 33E, and, once its application was granted, then prosecuted its appeal before the full court, the letter and spirit of Mass. R. Crim. P. 30 (c) (9) warranted an award to the defendant of his reasonable appellate fees and costs [622-624]; concomitantly, this court rejected the Commonwealth's arguments that such an award was prohibited by the defendant's failure to serve his motion for fees and costs on the Administrative Office of the Trial Court [624-625], and that any award of appellate fees for the defendant's privately retained counsel should be calculated at the hourly rate paid to court-appointed counsel [625-627], while nevertheless noting the necessity of some reduction in the amount of fees [627-628].

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 17, 2003.

A motion for attorney's fees was filed in this court on October 28, 2005. A supplemental motion was filed on May 17, 2006.

The case was submitted on briefs.

*David R. Yannetti* for the defendant.

*David W. Cunis,* Assistant District Attorney, for the Commonwealth.

IRELAND, J. In *Commonwealth* v. *Phinney*, 446 Mass. 155 (2006), we affirmed an order of a judge in the Superior Court granting the defendant's postrescript motion for a new trial in this capital case. We noted in the opinion, *id.* at 168 n.17, that,

while the appeal was pending, the defendant had filed a motion for appellate attorney's fees and costs pursuant to Mass. R. Crim. P. 30 (c) (9), as appearing in 435 Mass. 1501 (2001). We deferred acting on the motion at that time, so as to give both sides the opportunity to submit additional material on the matter of fees and costs. *Id.* The matter is now ripe for decision.[1]

1. Rule 30 (c) (9) was inserted into the Massachusetts Rules of Criminal Procedure in 1995. 420 Mass. 1502 (1995). It was one of several changes made simultaneously to the rules in response to this court's decision in *Latimore* v. *Commonwealth,* 417 Mass. 805 (1994), and the decision of a single justice of this court at an earlier stage of that case. Following those decisions, and at the court's request, our standing advisory committee on the Massachusetts Rules of Criminal Procedure reconsidered the various rules governing the payment of reasonable attorney's fees to defendants, to ensure that they were consistent. See Reporters' Notes to Mass. R. Crim. P. 30, Mass. Ann. Laws, Rules of Criminal Procedure at 1600, 1606-1607 (LexisNexis 2006). Specifically, at the same time rule 30 (c) (9) was added, changes were also made to Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996); Mass. R. Crim. P. 25 (c) (2), as appearing in 420 Mass. 1502 (1995); and Mass. R. Crim. P. 30 (c) (8), as appearing in 420 Mass. 1502 (1995). These rules authorize awards of appellate fees and costs to defendants in those situations where the Commonwealth is entitled to appeal, or seek leave to appeal, from trial court rulings in a defendant's favor. Rule 15 (d) applies in the context of interlocutory appeals by the Commonwealth from suppression rulings; rule 25 (c) (2) applies where the Commonwealth appeals from a required finding of not guilty or a reduction of a verdict; rule 30 (c) (8) applies generally where the Commonwealth appeals from an order granting a new trial; and rule 30 (c) (9) applies specifically where the Commonwealth appeals from an order granting a new trial in a capital case.[2]

Rule 30 (c) (9) expressly governs the defendant's motion for appellate fees and costs in this case. It provides:

---

[1]The relevant background is set forth in our two prior opinions in this case, *Commonwealth* v. *Phinney,* 446 Mass. 155 (2006), and *Commonwealth* v. *Phinney,* 416 Mass. 364 (1993).

[2]One notable difference in the rules is that Mass. R. Crim. P. 15 (d), as ap-

"(9) *Appeal under G. L. c. 278, § 33E.* If an appeal or application for leave to appeal is taken by the Commonwealth under the provisions of Chapter 278, Section 33E, upon written notice supported by affidavit, the Supreme Judicial Court may determine and approve payment to the defendant of the costs of appeal together with reasonable attorney's fees to be paid on order of the trial court after entry of the rescript or denial of the application."

This rule plainly authorizes an award of appellate fees and costs in the situation before us. Here, after the defendant prevailed in the trial court on his motion for a new trial, the Commonwealth both applied to a single justice for leave to appeal, see G. L. c. 278, § 33E (last sentence), and, once its application was granted, then prosecuted its appeal before the full court. Having prevailed on his new trial motion, the defendant — who was not entitled as of right to court-appointed counsel at that stage, see *Commonwealth* v. *Conceicao*, 388 Mass. 255, 261 (1983) — was put in the position of having to expend private funds, which he may not have had, to defend the judge's ruling in his favor, and his counsel was facing a potentially "untenable position of either volunteering his services on the

pearing in 422 Mass. 1501 (1996), provides that the court *shall* determine and approve payment to the defendant of costs and fees, whereas Mass. R. Crim. P. 25 (c) (2), as appearing in 420 Mass. 1502 (1995), Mass. R. Crim. P. 30 (c) (8) (B), as appearing in 420 Mass. 1502 (1995), and Mass. R. Crim. P. 30 (c) (9), as appearing in 435 Mass. 1501 (2001), state that the court *may* determine and approve the payment of costs and fees. The latter rules thus have a discretionary element that would permit the court to deny a request for fees and costs if for any reason an award would be undeserved or inappropriate in the circumstances. Notwithstanding this difference, however, all of the rules share a common purpose: "to equalize the resources of the defendant with those of the Commonwealth" in cases where a defendant does not have court-appointed counsel but is forced to defend against a Commonwealth appeal; and to prevent a defendant's privately retained counsel from being placed "in the untenable position of either volunteering his services on appeal or abandoning the defendant." *Commonwealth* v. *Gonsalves*, 432 Mass. 613, 617 (2000), *S.C.*, 437 Mass. 1020 (2002) and 441 Mass. 1007 (2004). See *Latimore* v. *Commonwealth*, 417 Mass. 805, 808 n.2 (1994), quoting Reporters' Notes to Mass. R. Crim. P. 30 (c) (8) (B), Mass. Ann. Laws, Rules of Criminal Procedure at 486 (1979) (indicating that this provision for fees and costs, like rule 15 [d], was modeled after former version of G. L. c. 278, § 28E, inserted by St. 1967, c. 898, § 1).

appeal or abandoning the defendant." *Commonwealth* v. *Gonsalves*, 432 Mass. 613, 617 (2000), *S.C.*, 437 Mass. 1020 (2002) and 441 Mass. 1007 (2004). We are satisfied that the letter and spirit of rule 30 (c) (9) warrant an award to the defendant of his reasonable appellate fees and costs in these circumstances, and the Commonwealth does not claim otherwise.[3]

2. The Commonwealth raises two points in response to the defendant's request for fees and costs. First, it claims that we should not make any award because the defendant failed to serve his motion on a necessary party, the Administrative Office of the Trial Court (AOTC).

We have noted, as to fee awards made pursuant to rule 15 (d), that the AOTC has sometimes paid these awards in the past, and "[t]o the extent that AOTC has appropriated funds to pay these bills, it should continue to pay these claims. If AOTC funds are exhausted or if the Legislature has not appropriated funds to AOTC for this purpose, then prosecutors must bear these costs." *Commonwealth* v. *Murphy*, 423 Mass. 1010, 1011 (1996). See *Commonwealth* v. *Gonsalves*, 441 Mass. 1007, 1007-1008 (2004); *Commonwealth* v. *Gonsalves*, 432 Mass. 613, 617-618 & n.5 (2000). Thus there is a historical basis for the AOTC being mentioned in fee awards under rule 15 (d). It does not necessarily

---

[3]*Commonwealth* v. *Cornish*, 28 Mass. App. Ct. 173 (1989), is not to the contrary. There, the Appeals Court considered a defendant's request for appellate fees under rule 30 (c) (8) (B), as then in effect. The court's suggestion that an award of fees under that rule would be "rare," *id.* at 179-180, must be read in light of the language of the rule at that time. The version of the rule then in effect empowered the Appeals Court to award fees, in its discretion, in any appeal from a ruling on a new trial motion, *regardless whether the motion had been allowed or denied and regardless which side appealed.* See Mass. R. Crim. P. 30 (c) (8) (B), 378 Mass. 900 (1979). The Appeals Court can properly be understood to have been saying (correctly, in our view) that, in those circumstances, where the universe of appeals subject to the fee provision of the rule included even appeals by defendants from denials of motions for new trials, awards of fees under the rule would be relatively rare.

The current rule 30 (c) (8) (B), however, like rule 30 (c) (9) in this case, is limited to only those cases where the Commonwealth appeals (or applies for leave to appeal) from an allowance of a motion for a new trial. The rules no longer apply where a defendant appeals from the denial of a motion. With that significant change in mind, it can no longer be said that awards of fees under the rule will necessarily be rare. Although, as stated in note 2, *supra*, the appellate court has discretion to deny an award of fees, the policy behind the rule suggests that such awards will not be uncommon.

follow, however, that the AOTC had to be made a party to the requests for fees and costs pursuant to rule 15 (d) — indeed, historically it was not — let alone a request for fees and costs pursuant to rule 30 (c) (9).[4]

The Commonwealth points out that in the State budgets for fiscal year 2006 (during which the gatekeeper proceeding and appeal before the full court occurred) and fiscal year 2007, the Legislature has specified, in the general line item appropriations for the AOTC, that the AOTC will be required to pay from its appropriations "50 per cent of all fees payable pursuant to Massachusetts Rules of Criminal Procedure 15 (d) and 30 (c) (8)." St. 2005, c. 45, § 2, line item 0330-0300. See St. 2006, c. 139, § 2, line item 0330-0300. The Legislature made no reference in the line item to rule 30 (c) (9), and we cannot conclude that the Legislature nevertheless intended the budget for the AOTC to cover the situation here. The Commonwealth does not address the point, but simply cites the budgetary language for the proposition that "the AOTC has been legislatively directed to pay half the costs of appeals under Rules 15 (d) and 30 (c) (8)." As we read that language, the Legislature did not intend the AOTC to pay one-half of the fee awards in capital cases. If that is what was intended, we would expect to find a reference in the budgetary language to rule 30 (c) (9), as rule 30 (c) (9) is the one and only rule that particularly and expressly applies to capital cases. It is difficult to imagine that the Legislature intended fee awards in capital cases to be covered, where it cited a rule of general application, rule 30 (c) (8) (B), but did not cite the only rule that is expressly on point, rule 30 (c) (9). We are not persuaded, therefore, by the Commonwealth's suggestion that these budget provisions apply here. We therefore reject the Commonwealth's argument that the AOTC had to have been served with the fee request and given an opportunity to be heard in these circumstances.[5]

3. The Commonwealth's second argument in response to the

---

[4]We are not aware of any case that discusses the AOTC's involvement in or obligation to pay fee awards pursuant to rule 30 (c) (9) or rule 30 (c) (8) (B), the cognate rule applicable to noncapital cases.

[5]In cases where the AOTC is clearly obligated by the budget provisions to pay a portion of a fee award from its general appropriation, however — e.g., in rule 15 (d) cases and noncapital cases under rule 30 (c) (8) — the AOTC

defendant's request is that any award of appellate fees should be calculated at the hourly rate paid to court-appointed counsel. We disagree.[6]

The defendant's attorney was not court appointed; he was privately retained. The determination of what constitutes a reasonable fee in this case must therefore be measured according to what would be reasonable for private counsel to charge in the circumstances. The Commonwealth's claim that the statutory rates for court-appointed counsel "reflect[] the community's view of a reasonable fee" misses the mark. It is widely recognized and accepted that the rates set by the Legislature for the representation of indigent defendants do not equal the rates that privately retained counsel can and do reasonably charge for their representation. The Legislature's setting of rates for court-appointed counsel takes into account societal, economic, and political considerations that are not necessarily applicable when determining the reasonableness of rates under a market-based approach. While the Legislature must set rates that are sufficient to ensure a constitutional system for the representation of indigent defendants, its rates need not, and do not, mirror private market-based rates. Cf. *Lavallee* v. *Justices in the Hampden Superior Court*, 442 Mass. 228, 239 (2004) (stating proposition, rooted in earlier cases, that attorneys ordered to represent indigents "are entitled to compensation at a rate more modest than can be expected in the marketplace").

The language of the rule and the policy behind it would be frustrated if a defendant represented by private counsel were limited to an award of fees at the hourly rate for court-appointed

should be served with the request for fees and be given an opportunity to be heard.

[6]The Commonwealth made a similar argument before the single justice in *Commonwealth* v. *Gonsalves*, 437 Mass. 1022 (2002), and the single justice rejected it and awarded fees at a rate in excess of the rate for court-appointed counsel. Commonwealth *vs.* Gonsalves, SJ-2001-M003 (Sept. 6, 2002 & Jan. 9, 2003). The Commonwealth repeated this argument in *Commonwealth* v. *Ennis*, 441 Mass. 718 (2004). We implicitly rejected it there by acknowledging that the defendant's counsel had sought an award of fees at the rate of $200 per hour; by stating that it was counsel's burden to prove the reasonableness of that rate; and by noting that counsel had filed "no affidavit describing his usual billing rate or that of attorneys with similar years of appellate experience who practice in his locale." *Id.* at 722.

counsel. To fulfil the meaning and purpose of the rule, the award of "reasonable attorney's fees" must be determined according to what is reasonable in the circumstances of each case. Here that means awarding fees that are reasonable for privately retained counsel.

4. The defendant's counsel filed a motion requesting an award of appellate fees in the amount of $24,325 and costs in the amount of $766.62. The Commonwealth does not challenge these amounts, except as above.

To support his motion, counsel filed a detailed affidavit setting forth an hourly rate of $250, which he represented to be his usual billing rate for all criminal and civil matters. He described his credentials and experience, which include approximately ten years as an assistant district attorney in the northern district (Middlesex County) — during which, among other things, he served as lead counsel in eleven murder trials — and seven years in private practice concentrating primarily in criminal defense work. He represented that his hourly rate "is well within the range of rates" for attorneys with comparable backgrounds and levels of experience and expertise, and further indicated his belief that his "rate is on the low end for attorneys practicing in Boston with [his] level of background, expertise and experience."[7] He also itemized his time spent on various aspects of the proceedings before the single justice and the full court.[8]

Despite counsel's thorough representation of his client and the successful result he obtained, we believe that some reduction in the amount of fees is necessary. Counsel first appeared in this case when the matter was pending in the trial court, after the judge had initially granted the defendant's new trial motion but before the Commonwealth moved for reconsideration. He then represented the defendant at an evidentiary hearing on the new trial motion, and filed a thorough posthearing memorandum in the trial court. As evidenced by his memorandum to the trial

---

[7]The Commonwealth does not challenge these representations.

[8]Counsel's itemization results in a total of 97.3 hours spent before the single justice and full court. The Commonwealth does not dispute the reasonableness of that amount of time. Counsel also avers that he (and another attorney retained as a consultant for the appeal) spent additional hours not included in his itemized list. We do not consider that time.

court, his representation at that stage obviously required him to become intimately familiar with the facts and legal issues in the case. He was then able to draw heavily on this knowledge and his written work product from the trial court when he appeared before the single justice of this court and, later, before the full court. Similarly, he was able to rely extensively (in some instances verbatim) on his written submission to the single justice when he prepared his brief to the full court.

We note, for example, the considerable time spent by counsel reviewing the trial transcript and the transcript of the hearing on the new trial motion, where his posthearing memorandum in the trial court reflected that he was already familiar with the evidence and the transcripts; a substantial overlap between his written opposition to the Commonwealth's application for leave to appeal and his brief to the full court; and the combined number of hours spent preparing for his arguments before the single justice and the full court.

As for the costs claimed, there is no explanation given for the number of copies of the brief and record appendix beyond what is required by court rules; no need to have copied and included several items in the defendant's appendix that already were in the Commonwealth's appendix; and no apparent reason why items included in a separately bound supplemental appendix could not have been included in the original appendix.

5. Pursuant to rule 30 (c) (9), we allow the defendant's motion for appellate attorney's fees in the amount of $19,325 and costs in the amount of $380.52, to be paid on order of the trial court.

*So ordered.*